| | |
|---|---|
| 1 | ANDREW C. GREEN, ESQ. |
| | Nevada Bar No. 9399 |
| 2 | KOELLER NEBEKER CARLSON |
| |   & HALUCK, LLP |
| 3 | 300 S. 4th Street, Suite 500 |
| | Las Vegas, NV 89101 |
| 4 | Phone: (702) 853-5500 |
| | Fax: (702) 853-5599 |
| 5 | *Andrew.green@knchlaw.com* |
| | Attorneys for Plaintiff, |
| 6 | SAFECO INSURANCE COMPANY OF ILLINOIS |

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF ILLINOIS, | CASE NO.: |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| MIDWEST FAMILY MUTUAL INSURANCE COMPANY; and DOES I-X and ROE CORPORATIONS I-X, inclusive, | |
| Defendant. | |

**COMES NOW**, SAFECO INSURANCE COMPANY OF ILLINOIS (hereafter, "Plaintiff"), by and through its counsel, ANDREW C. GREEN, ESQ. of KOELLER, NEBEKER, CARLSON & HALUCK, LLP, and hereby submits its Complaint against Defendant, MIDWEST FAMILY MUTUAL INSURANCE CO. (hereinafter occasionally "Defendant"), and alleges as follows:

1. At all relevant times herein, Plaintiff, SAFECO INSURANCE COMPANY OF ILLINOIS, was authorized to, and did issue an automobile insurance policy at issue for this matter in Clark County, Nevada.

2. At all relevant times herein, based upon information and belief, Defendant, MIDWEST FAMILY MUTUAL INSURANCE CO. (hereinafter "MIDWEST" or "Defendant"), was and is an Iowa Corporation, licensed to conduct business in the State of Nevada, and an entity which purportedly participated in the underwriting and/or administration of another insurance policy including providing underinsured motorists

coverage benefits to non-party Nevada resident JAMES BARTON, and determination/evaluation for payments under the underinsured motorists coverage benefits policy for the Nevada claims of Mr. Barton.

3. At all relevant times herein, the true names or capacities, whether individual, corporate, associate or otherwise of the Defendants named herein as DOES I-X, inclusive, and ROE Corporations I-X, are unknown to Plaintiff who therefore sue said Defendants by such fictitious names. Plaintiff alleges that each Defendant designated herein as a DOE or ROE corporation is negligently, willfully, contractually, intentionally, or otherwise legally responsible for the events and happenings herein referred to and proximately caused injury and damage thereby to the Plaintiff as herein alleged. Plaintiff shall ask leave of this Court to amend the Complaint to insert the true names and capacities of each Defendant named as DOES and/or ROE, when the same has been ascertained, and will further seek leave to join said Defendants in these proceedings.

4. At all relevant times herein, Defendants were agents, servants, employees or joint venturers of every other Defendant herein, and at all times mentioned herein were acting within the scope and course of said agency, employment, or joint venture, with knowledge and permission and consent of all other named Defendants.

5. All of the facts and circumstances that give rise to the subject lawsuit occurred in Clark County, Nevada; venue is appropriate in this district.

6. Pursuant to USC 28 Section 1332, the parties are diverse from each other; Plaintiff is a resident of Illinois and Massachusetts, and Defendant, Midwest Family Mutual Insurance Company, is a resident of, domiciled in and licensed to do business in the State of Iowa, and the matter in controversy exceeds $75,000,00 exclusive of attorney's fees, interest, and costs.

**GENERAL ALLEGATIONS**

7. On or about March 7, 2019, non-party BARTON, was travelling in a 2005 Chevy Silverado truck involved in a collision for which Mr. Barton was not at fault, and which caused Mr. Barton severe injuries.

8. The 2005 Chevy Silverado truck, VIN No.: ###65663, was owned by non-party insured, TPM Services, LLC., for whom Mr. Barton was an employee, and for which Defendant issued an applicable Automobile policy for underinsured motorist coverage for $1,000,000.00.

9. Plaintiff issued its Safeco automobile policy to Michelene Newman and James Barton, with Policy Number: A3113401, for the Policy Period of 01/08/2019– 01/08/2020; the Safeco policy included terms for uninsured motorist benefits for Mr. Barton for benefits not to exceed $250,000, but for which any payment to Mr. Barton was subject to Plaintiff's position as an excess insurer compared to Defendant that was a the primary insurer based upon the policy Defendant issued and the facts of the accident.

10. Based upon the circumstances of the accident whereby the 2005 Chevy Silverado truck in which Mr. Barton was traveling which was owned by TPM Services, LLC, the named insured policyholder for Defendant's policy issued to TPM Services, LLC, Defendant agreed it was in the position of a primary insurer pursuant to the terms of its policy.

11. As a result of the accident, Mr. Barton asserted he suffered medical damages and bills in excess of $420,000.00.

12. As a further result of the accident, Mr. Barton asserted he would require ongoing and future medical treatment for his injuries, in excess of $1,100,000.00.

13. On November 29, 2019, the insurance company for the at fault driver tendered to Mr. Barton its third-party liability policy limits of $25,000.00, which was substantially below the past and future medical damages Mr. Barton asserted.

14. Defendant was informed that Mr. Barton would require lumbar spinal surgery to correct deficits in his lumbar spine caused by the subject motor vehicle accident.

15. On or about December 7, 2020 Mr. Barton underwent a lumbar fusion surgery.

16. On or about January 8, 2021, Mr. Barton demand Defendant to pay the underinsured motorist coverage policy limits of $1,000,000.00; the demand included two

reports from Mr. Barton's medical providers concluding the subject motor vehicle accident was the cause of Mr. Barton's need for a lumbar spinal fusion.

17. Mr. Barton asserted he continued to experience sequelae from the lumbar fusion in the form of foot drop and dysfunction and was recommended for another surgery to correct these conditions.

18. On or about February 20, 2021, Mr. Barton underwent a second surgery to correct issues involving the lower leg dysfunction and drop foot that developed from the lumbar fusion.

19. Based upon the foregoing whereby the terms of the policies issued by Plaintiff and Defendant rendered Defendant the primary insurer, and based upon Defendant's agreement to its primary insurer status, on or about May 4, 2021 Plaintiff communicated to Mr. Barton that Plaintiff did not have a payment obligation for any uninsured motorist benefits pursuant to the Safeco uninsured motorist benefit terms.

20. On, about, or by May 6, May 19 and May 28, 2021, Mr. Barton demanded Safeco pay $250,000 was corresponding to the limits for potential payment by Safeco for uninsured motorist benefits for the subject accident, at which time Defendant had not paid any uninsured or underinsured motorist benefits to Mr. Barton.

21. By or about June 8 & 9, 2021, Defendant continued to withhold, and refused to make any payment to Mr. Barton of uninsured or underinsured motorist benefits, pursuant to a Defendant position Mr. Barton's damages from the subject accident did not implicate a duty for Defendant to make payment to Mr. Barton.

22. By and on June 11, 2021 Defendant continued to withhold and refused to make any payments Mr. Barton of uninsured or underinsured motorist benefits, despite its position and agreement to its position as the primary insurer.

23. On June 11, 2021, in reliance upon Defendant's continued refusal to make any payments to Mr. Barton of uninsured or underinsured motorist benefits, and in response to Mr. Barton's demand to Safeco for payment, Plaintiff agreed to pay Mr. Barton $250,000

corresponding to the limits for potential uninsured motorist benefits for the Safeco policy, and payment was made to Mr. Barton as so indicated.

24. Plaintiff's payment to Mr. Barton was directly caused by and required by Defendant's refusal to make any payments to Mr. Barton of uninsured or underinsured motorist benefits, despite its position and agreement to its position as the primary insurer.

25. By July 13, 2021, Defendant had still not made any payment to Mr. Barton of uninsured or underinsured motorist benefits, and Mr. Barton filed a formal legal complaint against Defendant alleging Defendant improperly refused to pay Mr. Barton.

26. Plaintiff demanded that Defendant pay and reimburse to Plaintiff the amounts Plaintiff paid to Mr. Barton; Defendant did not respond and did not pay Plaintiff as requested.

27. Plaintiff also demanded Defendant provide all information and communications for its positions, analysis and refusals to pay Mr. Barton; Defendant did not respond and did not provide the requested information.

28. Based upon the foregoing, Plaintiff is entitled to recover from Defendant all amounts Defendant paid to Mr. Barton.

## FIRST CAUSE OF ACTION
### (Equitable Indemnity and/or Subrogation)

29. Paragraphs 1 to 28 above are incorporated herein as though fully set forth here.

30. An actual controversy exists between Defendant and Plaintiff in that Plaintiff contends that its policy is excess to the Defendant's policy and therefore Defendant was obligated to pay its full uninsured/underinsured policy limit to Mr. Barton and thereby extinguish any need for Plaintiff to make any payments to Mr. Barton, and that Defendant's improper refusal to pay Mr. Barton before necessity for Plaintiff to pay Mr. Barton requires Defendant to reimburse Plaintiff for the payment Plaintiff made to Mr. Barton.

31. Equitable indemnity and its principles apply to shift the loss from Plaintiff as the party that paid to Defendant as the party primarily responsible; Plaintiff committed no independent wrong and Plaintiff instead discharged a legal obligation owed to Mr. Barton for

which Defendant was also liable to Mr. Barton, and the payment obligation Plaintiff made to Mr. Barton should be discharged and paid by Defendant.

32. The necessity for Plaintiff's payment to Barton was due to the improper withholding and refusal by Defendant to pay Mr. Barton; Plaintiff would not have had an obligation to pay Mr. Barton if Defendant had properly discharged Defendant's duties to pay Mr. Barton, and Defendant is required to reimburse to Plaintiff the amounts Plaintiff paid to Mr. Barton.

33. Defendant was obligated to pay Mr. Barton, and at the time of its refusals to pay Mr. Barton, Defendant in turn improperly obligated Plaintiff to pay Mr. Barton amounts that should have been paid to Mr. Barton by Defendant; Defendant is obligated to pay Plaintiff on an equitable indemnity basis all amounts Plaintiff paid to Mr. Barton.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendant, as follows:

1. For an order that Defendant pay to Plaintiff all amounts Plaintiff paid Mr. Barton;

2. For costs of suit herein; and

3. For all other and further relief as the Court deems just and proper.

DATED this 15th day of July, 2022.

                             KOELLER NEBEKER CARLSON
                               & HALUCK, LLP

By:     */s/Andrew C. Green*
       ANDREW C. GREEN, ESQ.
       Nevada Bar No. 9399
       300 S. 4th Street, Suite 500
       Las Vegas, NV 89101
       Attorneys for Plaintiff,
       SAFECO INSURANCE COMPANY OF ILLINOIS