UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF ILLINOIS,<br><br>Plaintiff,<br><br>v.<br><br>MIDWEST FAMILY MUTUAL INSURANCE CO., AND DOES I-X, INCLUSIVE; AND ROE CORPORATIONS I-X, INCLUSIVE<br><br>Defendants. | Case No. 2:22-cv-01133-ART-EJY<br><br>ORDER GRANTING MOTION TO AMEND JUDGMENT (ECF No. 24) |

Plaintiff Safeco Insurance Company brought this action against Defendant Midwest Family Mutual Insurance Co. ("MFMI"), seeking equitable indemnity and/or subrogation for a payment of UIM (uninsured/underinsured motorist coverage) that Safeco claims MFMI was obligated to pay per the terms of their respective insurance policies. On March 22, 2024, the Court entered an order denying Defendant's motion for summary judgment and granting Plaintiff's motion for summary judgment in this matter. (ECF No. 21.) The Clerk entered judgment in favor of Plaintiff Safeco and against Defendant MFMI that same day. (ECF No. 22.) Before the Court is Safeco's motion to amend this judgment. (ECF No. 24.)

## I.    BACKGROUND

Safeco now brings this motion requesting that the Court amend its judgment to state the amount of judgment for direct compensatory damages of $250,000, and to include the $73,995.39 of additional prejudgment interest against MFMI for the period between Safeco's payment to the insured and the filing of the instant motion. (ECF No. 24.)  MFMI responds that the Court should deny Safeco's motion because 1) Safeco's complaint did not plead or seek a

monetary judgment against MFMI and 2) even if the Court does amend the judgment to provide for monetary damages, prejudgment interest should only be awarded from the date of service of the complaint. (ECF No. 25.)

## II.  LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 52(b), "On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly." Judgment was entered in this action on March 22, 2024, and Safeco timely filed this motion on April 5, 2024. (ECF Nos. 22; 24.)

## III.  ANALYSIS

### A. Monetary Damages

The Court finds that Safeco's complaint obviously pled a request to recover $250,000. Plaintiff's complaint requested "an order that Defendant pay to Plaintiff all amounts Plaintiff paid Mr. Barton." (ECF No. 1 at 6.) The complaint clearly stated that Safeco had paid Mr. Barton $250,000 on June 11, 2021. (*Id.* at 4.) The civil cover sheet also clearly stated that the demand was for $250,000. (ECF No. 1-1.)

The Court therefore rejects the argument that Plaintiff's complaint did not plead monetary damages. A liberal reading of the complaint makes very clear that Safeco was seeking to recover monetary amounts from MFMI, in the amount of $250,000. *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513-514 (2002). The language of the complaint gave Defendant fair notice regarding Plaintiff's request for monetary relief. *See id.*; *see also Pennsylvania Nat. Mut. Cas. Ins. Co. v. City of Pine Bluff*, 354 F.3d 945, 950 (8th Cir. 2004) (rejecting defendant's argument that plaintiff never requested damages because liberal reading of amended complaint and survey of parties' arguments revealed that plaintiff was pursuing monetary recovery).

//

**B. Prejudgment Interest**

Safeco also requests that the judgment be amended to reflect prejudgment interest in the amount of $73,995.39, which reflects interest from the date the amount became due until the date of judgment. While the parties do not dispute the interest rate, they dispute the date at which prejudgment interest began to accrue under Nevada law. Safeco argues that they are entitled to interest from the date the amount became due, and MFMI argues that Safeco is only entitled to from the time of service of the summons and complaint in this action.

An award of prejudgment interest is governed by state law in diversity actions. *In re Cardelucci*, 285 F.3d 1231, 1235. (9th Cir. 2002); *Oak Harbor Freight Lines, Inc. v. Sears Roebuck, & Co.*, 513 F.3d 949, 961 (9th Cir. 2008). Plaintiff argues that they are entitled to recovery of prejudgment interest under both NRS 17.130 and 99.040. Under both statutes, prejudgment interest is calculated at the rate "equal to the prime rate at the largest bank in Nevada, as ascertained by the Commissioner of Financial Institutions, on January 1, or July 1, as the case may be, immediately preceding the date of the [judgment], plus 2 percent..." NRS 17.130(2); NRS 99.040(1).

However, the parties dispute which statute applies because they differ in the date at which prejudgment interest begins to accrue. "'When there is no express contract in writing fixing a different rate of interest,' NRS 99.040(1)(a) provides for interest in cases '[u]pon contracts, express or implied, other than book accounts.' [In contrast], NRS 17.130(2) provides for interest on any judgment '[w]hen no rate of interest is provided by contract or otherwise by law, or specified in the judgment.'" *Pub. Employees' Ret. Sys. of Nevada v. Gitter*, 393 P.3d 673, 680 (Nev. 2017) (quoting NRS 99.040(1) and NRS 17.130(2)). In other words, here, NRS 99.040 applies if the action is under contract, and NRS 17.130 applies if the action is not.

Under NRS 17.130, interest is recoverable "from the time of service of the

summons and complaint until satisfied..." NRS 17.130(2) (emphasis added). Under NRS 99.040, prejudgment interest accrues from the time "money becomes due." NRS 99.040(1). This has been construed to mean that the interest is recoverable from the time when performance of a payment was due. *See Paradise Homes, Inc. v. Cent. Sur. & Ins. Corp.*, 437 P.2d 78, 83 (Nev. 1968).

Defendants argue that this was not an action under contract, and thus, only NRS 17.130 applies – not NRS 99.040. (ECF No. 25 at 4-6.) Plaintiff, however, argues that Defendant's duty to pay, as well as the final judgment, were based upon the contract that was Defendant's insurance policy. (ECF No. 28 at 5-6.)

In *Albioses v. Horizon Communities*, the Nevada Supreme Court assessed a similar dispute over which of these statutes applied. 132 P.3d 1022 (Nev. 2006). In that case, plaintiffs had asserted both breach of contract and negligence claims. *Id.* at 1036. The Court found that the judgment, by a jury, was based on the negligence claim rather than breach of contract. *Id.* Thus, NRS 99.040 was inapplicable because the amount awarded to the plaintiff was unrelated to the contract claim. *Id.*

Similarly, in *BHY Trucking, Inc. v. Hicks*, the Nevada Supreme Court held that because the damages awarded to plaintiff "do not relate to any sum due pursuant to a promise of performance under the shipping contract," NRS 99.040 did not apply. 720 P.2d 1229, 1231 (Nev. 1986). The Court noted that the plaintiff's action "was for negligent performance of the shipping contract and did not arise from a specific promise or term in the contract." *Id.*

Here, both Safeco and MFMI had insurance policies covering Mr. Barton, a non-party to this suit, who was injured in an automobile accident. MFMI insured TPM Services, LLC., which owned the truck that Mr. Barton was operating at the time of the accident. Safeco insured Mr. Barton himself. Both policies provided UIM insurance coverage. Safeco paid Mr. Barton $250,000 for his claims, which Safeco argues MFMI was obligated to reimburse as the primary insurer.

This Court's order denying Defendant's motion for summary judgment and granting Plaintiff's motion for summary judgment found that under the terms of their respective contracts, MFMI provided primary coverage to Mr. Barton and Safeco was an excess insurer to MFMI. (ECF No. 21 at 8.) The Court also found that Safeco was entitled to the remedy of equitable indemnification for the payment Safeco made to Mr. Barton. (*Id.* at 10.)

Like in *Albioses* and *BHY Trucking*, the damages in this action did not arise out of a contract between the parties or any promise of performance. *See* 132 P.3d at 1036; 720 P.2d at 1231. No contract, express or implied, existed between the parties to this action, and Plaintiff Safeco did not seek to recover under a contract theory. The theory of equitable indemnification that Plaintiff plead and was awarded relief under applies in the absence of an express agreement between parties. 41 Am.Jur.2d *Indemnity* § 20 (2005). In that situation, "indemnity nevertheless may be recovered if the evidence establishes an implied contract or if one party is exposed to liability by the action of another party who, in law or in equity, should make good the loss of the other." *Id.*

In the order granting Plaintiff's motion for summary judgment, the Court did not find an implied contract between the parties. Rather, the Court found that under the test set forth by the Nevada Supreme Court in *Rodriguez v. Primadonna Co., LLC,* 216 P.3d 793, 801 (Nev. 2009), Safeco was entitled to equitable indemnification from MFMI. (ECF No. 21 at 10.)

Because the monetary award to Plaintiff is unrelated to a contractual claim, NRS 99.040 is inapplicable to the calculation of prejudgment interest. The Court will award prejudgment interest under NRS 17.130 only. Plaintiff is therefore entitled to prejudgment interest from the time of service of the summons and complaint, July 21, 2022, until entry of judgment on March 22, 2024. (ECF No. 24-2 at 2; ECF No. 22); NRS 17.130(2); *Schiff v. Winchell,* 237 P.3d 99, 101 (Nev. 2010) ("'until satisfied' in NRS 17.130(2) occurs upon the entry of the judgment

in the district court.").

Pursuant to NRS 17.130, the prime interest rate in Nevada on January 1, 2024, was 8.5%. (ECF No. 24-1.) The applicable pre-judgment interest rate is therefore 10.5%. NRS 17.130(2). From July 21, 2022, until March 22, 2024, is 610 days. Accordingly, the prejudgment interest owed to Safeco is $48,006.60.

## IV.    CONCLUSION

It is therefore ordered that Plaintiff's motion to amend judgment (ECF No. 24) is GRANTED.

The Clerk of Court is directed to AMEND the Judgment entered on March 22, 2024 (ECF No. 22) to reflect the following:

Judgment is entered in favor of Plaintiff Safeco Insurance Company of Illinois and against Defendant Midwest Family Mutual Insurance Company, in the amount of $250,000.00 in damages and $48,006.60 in prejudgment interest.

Dated this 19th day of November, 2024.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE