UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF ILLINOIS,<br><br>                      Plaintiff,<br><br>v.<br><br>MIDWEST FAMILY MUTUAL INSURANCE CO., AND DOES I-X, INCLUSIVE; AND ROE CORPORATIONS I-X, INCLUSIVE<br><br>                      Defendants. | Case No. 2:22-cv-01133-ART-EJY<br><br>ORDER GRANTING IN PART MOTION TO SET SUPERSEDEAS BOND AND TEMPORARY STAY<br>(ECF Nos. 34; 35) |

Before the Court is Defendant Midwest Family Mutual Insurance ("MFMI")'s motion to set supersedeas bond pursuant to Fed. R. Civ. P. 62 sections (b) and (d) and temporary stay pending order of court. (ECF Nos. 34; 35.[1]) In this motion, Defendant asks the Court to waive the requirement of a supersedeas bond under rule 62(b), or in the alternative, to set a supersedeas bond amount in the amount of the judgment, pre-judgment interest, and interest for 180 additional days. Additionally, Defendant asks the Court to issue a temporary stay pending the setting of the supersedeas bond. Plaintiff filed a response in opposition. (ECF Nos. 39; 40.) Defendant did not file a reply.

For the reasons set forth below, the Court grants in part Defendant's motion. The Court denies Defendant's request to waive the requirement for a supersedeas bond but grants Defendant's request for a stay of execution of judgment on the condition that the Defendant posts a full supersedeas bond.

**I.   WAIVER OF SUPERSEDEAS BOND**

   **A. LEGAL STANDARD**

Rule 62(b) provides that "At any time after judgment is entered, a party

---

[1] While docketed separately, these motions are identical.

1

may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Section (d) of Rule 62 further provides for a stay upon appeal if a bond is posted. A party appealing a judgment of a federal district court is entitled to a stay of monetary judgment if they post a bond in accordance with Rule 62(d). *American. Mfrs. Mut. Ins. Co. v. Am. Broad.-Paramount Theatres, Inc.*, 87 S. Ct. 1, 3 (1966); *Matter of Combined Metals Reduction Co.*, 557 F.2d 179, 193 (9th Cir. 1977); *Am. Civ. Liberties Union of Nevada v. Masto*, 670 F.3d 1046, 1066 (9th Cir. 2012). The amount of a supersedeas bond or the decision to waive the requirement to post a bond is at the court's discretion. *See Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987).

In determining whether an appellant has met their burden of showing a need to deviate from the usual requirement of posting a full supersedeas bond, the Ninth Circuit considers a five-factor test. *Securities and Exch. Comm'n v. Beasley*, No. 222CV00612CDSEJY, 2024 WL 1199593, at *2 (D. Nev. Mar. 19, 2024); *Kranson v. Fed. Express Corp.*, No. 11-CV-05826-YGR, 2013 WL 6872495, at *1 (N.D. Cal. Dec. 31, 2013) (discussing the factors used in *Dillon v. City of Chicago*, 866 F.2d 902, 904-05 (7th Cir. 1988)). The factors considered are: "1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position." *Kranson*, 2013 WL 6872495, at *1 (citing *Dillion*, 866 F.2d 902 at 904-05). It is the appellant's burden to demonstrate reasons for departing from the standard requirement to pay a full

supersedeas bond. *Cotton ex rel. McClure v. City of Eureka, Cal.*, 860 F. Supp. 2d 999, 1028 (N.D. Cal. 2012).

### B. ANALYSIS

Defendant argues that the requirement for a supersedeas bond should be waived because (1) there will be little difficulty in the collection process as both parties are insurance companies; (2) the amount of time required to obtain judgment will be nominal because the two insurance companies should be able to ensure timely payment; (3) the Court should have confidence in MFMI's ability to pay the judgment because MFMI writes Nevada insurance policies and meets the state's compliance requirements as an active insurer; (4) "the ability of an insurer to pay the judgment is evident and requiring the posting of the bond is a waste of money," and (5) there is no evidence that MFMI is in a precarious financial position and no other creditors are affected. (ECF No. 34 at 5-6.)

Despite these assurances, Defendant has failed to show that waiver of the supersedeas bond is justified here. Defendant's argument is supported only by a declaration from counsel for MFMI. (*Id.* at 11-12.) The only statement material to Defendant's ability to pay is that "Midwest Family Mutual Insurance Company is licensed in the State of Nevada and writes policies of insurance in Nevada and is financially stable and should the appeal be unsuccessful is prepared to pay the judgment ordered by this Court." (*Id.* at 11.) "[U]ntil there is absolute certainty that the [entity] has agreed unconditionally to pay the judgment in this case, the mere existence of such possibility is an unacceptable substitute for the guarantees provided by a supersedeas bond*." Cotton,* 860 F. Supp. 2d at 1028 (quoting *Perez Rodriguez v. Rey Hernandez,* 304 F.Supp.2d 227, 231 (D.P.R. 2004)). While Defendant states that the ability of an insurer to pay this judgment is "evident," Defendant cites no evidence other than this declaration to support these contentions of financial stability. Therefore, the Court cannot determine with certainty that Defendant's ability to pay the judgment is "so plain that the

cost of a bond would be a waste of money." *Id.* (internal quotations omitted); *see also Hardesty v. Sacramento Metro. Air Quality Mgt. Dist.*, No. 210CV02414KJMKJN, 2019 WL 2715616, at *4 (E.D. Cal. June 28, 2019) (declining to waive supersedeas bond requirement where evidence did not show with certainty that the entity would be able to pay the bond requirement and distinguishing from *Safeco Ins. Co. of Am. v. Cnty. of San Bernardino*, No. EDCV 05-194-VAP(OPX), 2007 WL 9719254 (C.D. Cal. July 27, 2007), in which evidence of annual revenues showed that the judgment amount was just 1 percent of the defendant's annual revenue). Additionally, given the history of this case, and the fact that Defendant has previously contested the amount of the judgment (*See* ECF No. 24) the Court is not absolutely certain that MFMI's statement is an unconditional agreement to pay the judgment in this case should the judgment be affirmed by the Ninth Circuit. *See Cotton*, 860 F. Supp. 2d at 1028-29 (N.D. Cal. 2012) (declining to waive supersedeas bond requirement where declarations failed to state that funds would unconditionally satisfy the judgment). The Court thus declines to exercise its discretion to waive the requirement for a supersedeas bond.

**II.    AMOUNT OF BOND**

Defendant argues that if the Court does set a bond, it should comprise the amount of judgment and awarded prejudgment interest, plus interest for 180 days. Plaintiff argues that any bond set by the Court should include additional interest which will accrue during a further stay of execution.

Rule 62 is silent as to the amount required for a supersedeas bond. However, Rule 62(d) has been read consistently with its predecessor, Rule 73(d), which "directed that the amount of the bond be computed by the district court to include 'the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay, unless the court after notice and hearing and for good cause shown fixes a different amount or orders security other than

the bond.'" *Cotton,* 860 F. Supp. 2d at 1029 (quoting *Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979)). "Although practices vary among judges, a bond of 1.25 to 1.5 times the judgment is typically required." *WMCV Phase 3, LLC v. Shushok & McCoy, Inc.*, No. 2:10-CV-0661-GMN-NJK, 2016 WL 234816 at *2 (D. Nev. Jan. 20, 2016) (citing *Cotton*, 860 F. Supp. 2d at 1029).

Following other Courts in this Circuit, the Court will grant a stay of execution of the judgment pending appeal if Defendant posts a supersedeas bond equal to 125% of Plaintiffs' $298,006.60 judgment, in the total amount of $372,508.25. *See Cotton*, 860 F. Supp. 2d at 1029 (N.D. Cal. 2012) (requiring a supersedeas bond equal to 125% of judgment); *WMCV Phase 3*, 2016 WL 234816, at *2 (approving of bond amount roughly 50% higher than the judgment amount); *KST Data, Inc. v. DXC Tech. Co.*, No. 2:17-CV-07927-SJO-SK, 2020 WL 2841402, at *2 (C.D. Cal. Mar. 20, 2020) (requiring supersedeas bond in the amount of 1.25 times of amount of judgment); *ThermoLife Intl., LLC v. Myogenix Corp.*, No. 13-CV-651 JLS (MDD), 2018 WL 1001095, at *2 (S.D. Cal. Feb. 21, 2018) (requiring supersedeas bond equal to 125% of judgment).

### III. CONCLUSION

It is therefore ordered that Defendant's motion to set supersedeas bond and temporary stay (ECF Nos. 34; 35) is GRANTED IN PART.

It is further ordered that a stay of execution of judgment is GRANTED on the condition that Defendant post a supersedeas bond in the amount of $372,508.25 within twenty days of entry of this order.

Dated this 21st day of January, 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE